The Honorable Gordon Webb Prosecuting Attorney Fourteenth Judicial District P.O. Box 483 Harrison, AR 72602
Dear Mr. Webb:
This is in response to Deputy Prosecuting Attorney Kenford O. Carter's request for an opinion concerning the feasibility of a Missouri law enforcement officer serving part-time in Marion County, Arkansas. Mr. Carter has attached correspondence from Marion County Sheriff Carl W. McBee inquiring as to the possibility of a Taney County, Missouri deputy answering calls in Marion County, Arkansas, if his training was sufficient to hold a part-time or full-time position in Arkansas and he was deputized by an Arkansas sheriff.
Please note that I have enclosed a copy of Attorney General Opinion95-390, which addresses the question of whether Article 19, Section 4 of the Arkansas Constitution[1] requires that employees of an elected officer, particularly sheriff's deputies, must reside in the respective district or county which the official represents. It was concluded that such residency is required if the employee in question is a "civil officer." The Opinion sets forth the typical factors signifying a civil office, and concludes with regard to deputy sheriffs that such persons are civil officers and as such must reside within their respective counties.
I believe this analysis would apply in this instance to prevent a Missouri law enforcement officer from serving as a deputy sheriff in Marion County, Arkansas. This is based upon the factual assumption that the constitutional residency requirement (Ark. Const. art. 19, § 4) would not be met.
It is my opinion that this analysis would apply, moreover, to any position which constituted a "civil office" under art. 19, § 4. This would require a case-by-case determination, following a review of the relevant factors signifying a public office. See Op. Att'y Gen. 95-390.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Article 19, § 4 states in relevant part that "[a]ll civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships. . . ."